*ORIGINAL*

Fee Paid

S1

(14)

1  John Desmarais (*to be admitted pro hac vice*)
   jdesmarais@kirkland.com
2  Gregory S. Arovas (*to be admitted pro hac vice*)
   garovas@kirkland.com
3  KIRKLAND & ELLIS LLP
   153 East 53rd Street
4  New York, New York 10022-4611
   Telephone:    (212) 446-4800
5  Facsimile:    (212) 446-4900

6  Christian Chadd Taylor (S.B.N. 237872)    E-filing
   ctaylor@kirkland.com
7  Adam R. Alper (S.B.N. 196834)
   aalper@kirkland.com
8  KIRKLAND & ELLIS LLP
   555 California Street
9  San Francisco, California  94104-1501
   Telephone:    (415) 439-1400
10 Facsimile:    (415) 439-1500

**Filed**

SEP 3 0 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

ADR

11

12 Attorneys for Plaintiff INTEL CORPORATION

13              **UNITED STATES DISTRICT COURT**

14            **NORTHERN DISTRICT OF CALIFORNIA**

15

16
   INTEL CORPORATION,              **C08   04555** HRL
17
                Plaintiff,        Case No.
18
        v.                        **COMPLAINT FOR DECLARATORY**
19                                **JUDGMENT**
   WI-LAN, INC.
20                                **DEMAND FOR JURY TRIAL**
                Defendant.
21

22

23

24

25

26

27

28

COMPLAINT

## COMPLAINT

Plaintiff Intel Corporation ("Intel") for its Complaint against Wi-LAN, Inc. ("Wi-LAN"), hereby demands a jury trial and alleges as follows:

### NATURE OF THE ACTION

1.    This is an action for declaratory judgment of non-infringement, invalidity, and unenforceability of eighteen (18) United States Patents pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02, and the Patent Laws of the United States, 35 U.S.C. § 100 *et seq.*, and for such other relief as the Court deems just and proper.

### INTRADISTRICT ASSIGNMENT

2.    This action includes patent-based declaratory judgment claims arising in connection with conduct occurring in or directed to Santa Clara County.  Moreover, Intel's headquarters is located in Santa Clara County, and Intel employees with knowledge of the products likely to be at issue in this action are located within Santa Clara County.  Accordingly, assignment to the San Jose Division is appropriate.

### PARTIES

3.    Plaintiff Intel is a corporation organized and existing under the laws of the State of Delaware and having its principal place of business at 2200 Mission College Boulevard, Santa Clara, California, 95054, and is doing business in this District.

4.    On information and belief, defendant Wi-LAN, Inc., is a corporation organized and existing under the laws of Canada and having its principal place of business at 11 Holland Avenue, Suite 608, Ottawa, Ontario, Canada.  As alleged herein, Wi-LAN has engaged in various acts in and directed to California.

### JURISDICTION AND VENUE

5.    This Court has exclusive subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), 1367, 2201, and 2202, and the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.* Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400.

6.    Wi-LAN purports to be the owner of rights in U.S. Patent Nos. 6,459,687, 6,549,759,

6,577,863, 6,683,866, 6,693,887, 6,728,514, 6,804,211, 6,925,068, 6,944,188, 6,956,834, 6,963,617, 7,006,530, 7,023,798, 7,177,598, 7,197,022, 7,289,467, 7,317,704, and 7,379,441 (collectively, the "Patents-in-Suit").  On its website, Wi-LAN alleges that the Patents-in-Suit relate to "WiMAX" products.  WiMAX (Worldwide Interoperability for Microwave Access) and 802.16 refer to a wireless broadband communication standard promulgated by the IEEE.  Wi-LAN has asserted these patents, including by asserting them against Intel, made public statements regarding the alleged applicability of its patents to products having WiMAX functionality including Intel's products, and confirmed its ability and willingness to file suit.  Intel has undertaken meaningful preparations to make and sell products that comply with the IEEE 802.16 standards.  Intel has not infringed and does not infringe, either directly or indirectly, any valid and enforceable claim of any of the Patents-in-Suit, either literally or under the doctrine of equivalents, nor is it aware of any infringement of any of the Patents-in-Suit.  A substantial controversy exists between the parties which is of sufficient immediacy and reality to warrant declaratory relief.

7.     This Court has personal jurisdiction over Wi-LAN.  Wi-LAN has conducted business in and directed to California pertaining to the Patents-in-Suit, and has engaged in various acts in and directed to California.  Additionally, inventors, former assignees and alleged licensees of the Patents-in-Suit, and attorneys responsible for the prosecution of the Patents-in-Suit, are located in California.

## THE PATENTS

8.     U.S. Patent No. 6,459,687 ("the '687 patent") is entitled "Method and Apparatus for Implementing a MAC Coprocessor in a Communication System," and bears an issuance date of October 1, 2002.  A copy of the '687 patent is attached hereto as Exhibit 1.

9.     U.S. Patent No. 6,549,759 ("the '759 patent") is entitled "Asymmetric Adaptive Modulation in a Wireless Communication System," and bears an issuance date of April 15, 2003.  A copy of the '759 patent is attached hereto as Exhibit 2.

10.     U.S. Patent No. 6,577,863 ("the '863 patent") is entitled "Failure Redundancy Between Modem Interface Cards and Outdoor Units in a Wireless Communication System," and

bears an issuance date of June 10, 2003. A copy of the '863 patent is attached hereto as <u>Exhibit 3.</u>

11.    U.S. Patent No. 6,683,866 ("the '866 patent") is entitled "Method and Apparatus for Data Transportation and Synchronization Between MAC and Physical Layers in a Wireless Communication System," and bears an issuance date of January 27, 2007. A copy of the '866 patent is attached hereto as <u>Exhibit 4.</u>

12.    U.S. Patent No. 6,693,887 ("the '887 patent") is entitled "Method for Allocating Fractional Bandwidth in a Fixed-Frame Communication System," and bears an issuance date of February 17, 2004. A copy of the '887 patent is attached hereto as <u>Exhibit 5.</u>

13.    U.S. Patent No. 6,728,514 ("the '514 patent") is entitled "Scalable Wireless Network Topology Systems and Methods," and bears an issuance date of April 27, 2004. A copy of the '514 patent is attached hereto as <u>Exhibit 6.</u>

14.    U.S. Patent No. 6,804,211 ("the '211 patent"), is entitled "Frame Structure for an Adaptive Modulation Wireless Communication System," and bears an issuance date of October 12, 2004. A copy of the '211 patent is attached hereto as <u>Exhibit 7.</u>

15.    U.S. Patent No. 6,925,068 ("the '068 patent) is entitled "Method and Apparatus for Allocating Bandwidth in a Wireless Communication System," and bears an issuance date of August 2, 2005. A copy of the '068 patent is attached hereto as <u>Exhibit 8.</u>

16.    U.S. Patent No. 6,944,188 ("the '188 patent") is entitled "Synchronizing Clocks Across a Communication Link," and bears an issuance date of September 13, 2005. A copy of the '188 patent is attached hereto as <u>Exhibit 9.</u>

17.    U.S. Patent No. 6,956,834 ("the '834 patent") is entitled "Method and Apparatus for Allocating Bandwidth in a Wireless Communication System," and bears an issuance date of October 18, 2005. A copy of the '834 patent is attached hereto as <u>Exhibit 10.</u>

18.    U.S. Patent No. 6,963,617 ("the '617 patent") is entitled "OFDM Receiver With Adaptive Equalizer," and bears an issuance date of November 8, 2005. A copy of the '617 patent is attached hereto as <u>Exhibit 11.</u>

19.    U.S. Patent No. 7,006,530 ("the '530 patent") is entitled "Method and System for Adaptively Obtaining Bandwidth Allocation Requests," and bears an issuance date of February 28,

1    2006. A copy of the '530 patent is attached hereto as <u>Exhibit 12.</u>

2         20.    U.S. Patent No. 7,023,798 ("the '798 patent") is entitled "Adaptive Call Admission

3    Control for Use in a Wireless Communication System," and bears an issuance date of April 4, 2006.

4    A copy of the '798 patent is attached hereto as <u>Exhibit 13.</u>

5         21.    U.S. Patent No. 7,177,598 ("the '598 patent") is entitled "Method and System for

6    Reducing Channel Interference in a Frame-Synchronized Wireless Communication System," and

7    bears an issuance date of February 13, 2007. A copy of the '598 patent is attached hereto as <u>Exhibit</u>

8    <u>14.</u>

9         22.    U.S. Patent No. 7,197,022 ("the '022 patent") is entitled "Framing For an Adaptive

10   Modulation Communication System," and bears an issuance date of March 27, 2007. A copy of the

11   '022 patent is attached hereto as <u>Exhibit 15.</u>

12        23.    U.S. Patent No. 7,289,467 ("the '467 patent") is entitled "Adaptive Call Control for

13   Use in a Wireless Communication System," and bears an issuance date of October 30, 2007. A copy

14   of the '467 patent is attached hereto as <u>Exhibit 16.</u>

15        24.    U.S. Patent No. 7,317,704 ("the '704 patent") is entitled "Method of Assigning Radio

16   Channels in Wireless Networks," and bears an issuance date of January 8, 2008. A copy of the '704

17   patent is attached hereto as <u>Exhibit 17.</u>

18        25.    U.S. Patent No. 7,379,441 ("the '441 patent") is entitled "Framing for an Adaptive

19   Modulation Communication System," and bears an issuance date of May 27, 2008. A copy of the

20   '441 patent is attached hereto as <u>Exhibit 18.</u>

21   **COUNT I - DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO. 6,459,687**

22        26.    Intel repeats and realleges the allegations in paragraphs 1-25 as though fully set forth

23   herein.

24        27.    Intel has not infringed and does not infringe, directly or indirectly, any valid and

25   enforceable claim of the '687 patent.

26        28.    As a result of the acts described in the foregoing paragraphs, there exists a substantial

27   controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

28        29.    A judicial declaration is necessary and appropriate so that Intel may ascertain its

1   rights regarding the '687 patent.

2   ## COUNT II - DECLARATION OF INVALIDITY OF U.S. PATENT NO. 6,459,687

3       30.    Intel repeats and realleges the allegations in paragraphs 1-29 as though fully set forth

4   herein.

5       31.    The '687 patent is invalid for failure to meet the conditions of patentability and/or

6   otherwise comply with one or more of 35 U.S.C. §§ 100 *et seq.*, 101, 102, 103, 112 and 132.

7       32.    As a result of the acts described in the foregoing paragraphs, there exists a substantial

8   controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

9       33.    A judicial declaration is necessary and appropriate so that Intel may ascertain its

10   rights regarding the '687 patent.

11   ## COUNT III - DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO. 6,549,759

12       34.    Intel repeats and realleges the allegations in paragraphs 1-33 as though fully set forth

13   herein.

14       35.    Intel has not infringed and does not infringe, directly or indirectly, any valid and

15   enforceable claim of the '759 patent.

16       36.    As a result of the acts described in the foregoing paragraphs, there exists a substantial

17   controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

18       37.    A judicial declaration is necessary and appropriate so that Intel may ascertain its

19   rights regarding the '759 patent.

20   ## COUNT IV - DECLARATION OF INVALIDITY OF U.S. PATENT NO. 6,549,759

21       38.    Intel repeats and realleges the allegations in paragraphs 1-37 as though fully set forth

22   herein.

23       39.    The '759 patent is invalid for failure to meet the conditions of patentability and/or

24   otherwise comply with one or more of 35 U.S.C. §§ 100 *et seq.*, 101, 102, 103, 112 and 132.

25       40.    As a result of the acts described in the foregoing paragraphs, there exists a substantial

26   controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

27       41.    A judicial declaration is necessary and appropriate so that Intel may ascertain its

28   rights regarding the '759 patent.

## COUNT V - DECLARATION OF UNENFORCEABILITY OF U.S. PATENT NO. 6,549,759

42.     Intel repeats and realleges the allegations in paragraphs 1-41 as though fully set forth herein.

43.     Individuals subject to the duty of candor under 37 CFR 1.56 ("Applicants") engaged in inequitable conduct by withholding or misstating material information with intent to deceive the USPTO in connection with prosecuting the '759 patent, rendering the '759 patent unenforceable.

44.     During prosecution of the '759 patent, Applicants were aware of prior art that they knew was material to patentability, including prior public disclosures material to patentability that they deliberately failed to properly disclose to the USPTO with intent to deceive.

45.     For example, on or around July 7, 2000, a document entitled "Media Access Control Layer Proposal for the 802.16.1 Air Interface Specification" was submitted to the 802.16 MAC Subgroup by Glen Sater, of Motorola, and Kenneth L. Stanwood, of Ensemble Corporation. Kenneth L. Stanwood is a named inventor on the '759 patent.

46.     Applicants' public disclosures, including those described above, were material to the patentability of the application that issued as the '759 patent. During prosecution of the application that issued as the '759 patent, with intent to deceive the USPTO, the applicants intentionally failed to disclose these public disclosures to the USPTO. Under Wi-LAN's improper and incorrect applications of the '759 patent's claims, these disclosures constitute prior art that renders the claims of the '759 patent invalid under 35 U.S.C. §§ 102 and/or 103.

47.     As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

48.     A judicial declaration is necessary and appropriate so that Intel may ascertain its rights regarding the '759 patent.

## COUNT VI - DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO. 6,577,863

49.     Intel repeats and realleges the allegations in paragraphs 1-48 as though fully set forth herein.

50.     Intel has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '863 patent.

51.     As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

52.     A judicial declaration is necessary and appropriate so that Intel may ascertain its rights regarding the '863 patent.

## COUNT VII - DECLARATION OF INVALIDITY OF U.S. PATENT NO. 6,577,863

53.     Intel repeats and realleges the allegations in paragraphs 1-52 as though fully set forth herein.

54.     The '863 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 *et seq.*, 101, 102, 103, 112 and 132.

55.     As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

56.     A judicial declaration is necessary and appropriate so that Intel may ascertain its rights regarding the '863 patent.

## COUNT VIII - DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO. 6,683,866

57.     Intel repeats and realleges the allegations in paragraphs 1-56 as though fully set forth herein.

58.     Intel has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '866 patent.

59.     As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

60.     A judicial declaration is necessary and appropriate so that Intel may ascertain its rights regarding the '866 patent.

## COUNT IX - DECLARATION OF INVALIDITY OF U.S. PATENT NO. 6,683,866

61.     Intel repeats and realleges the allegations in paragraphs 1-60 as though fully set forth herein.

62.     The '866 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 *et seq.*, 101, 102, 103, 112 and 132.

63.     As a result of the acts described in the foregoing paragraphs, there exists a substantial

1    controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

2         64.    A judicial declaration is necessary and appropriate so that Intel may ascertain its

3    rights regarding the '866 patent.

4    **COUNT X - DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO. 6,693,887**

5         65.    Intel repeats and realleges the allegations in paragraphs 1-64 as though fully set forth

6    herein.

7         66.    Intel has not infringed and does not infringe, directly or indirectly, any valid and

8    enforceable claim of the '887 patent.

9         67.    As a result of the acts described in the foregoing paragraphs, there exists a substantial

10   controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

11        68.    A judicial declaration is necessary and appropriate so that Intel may ascertain its

12   rights regarding the '887 patent.

13   **COUNT XI - DECLARATION OF INVALIDITY OF U.S. PATENT NO. 6,693,887**

14        69.    Intel repeats and realleges the allegations in paragraphs 1-68 as though fully set forth

15   herein.

16        70.    The '887 patent is invalid for failure to meet the conditions of patentability and/or

17   otherwise comply with one or more of 35 U.S.C. §§ 100 *et seq.*, 101, 102, 103, 112 and 132.

18        71.    As a result of the acts described in the foregoing paragraphs, there exists a substantial

19   controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

20        72.    A judicial declaration is necessary and appropriate so that Intel may ascertain its

21   rights regarding the '887 patent.

22   **COUNT XII - DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO. 6,728,514**

23        73.    Intel repeats and realleges the allegations in paragraphs 1-72 as though fully set forth

24   herein.

25        74.    Intel has not infringed and does not infringe, directly or indirectly, any valid and

26   enforceable claim of the '514 patent.

27        75.    As a result of the acts described in the foregoing paragraphs, there exists a substantial

28   controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

76.     A judicial declaration is necessary and appropriate so that Intel may ascertain its rights regarding the '514 patent.

## COUNT XIII - DECLARATION OF INVALIDITY OF U.S. PATENT NO. 6,728,514

77.     Intel repeats and realleges the allegations in paragraphs 1-76 as though fully set forth herein.

78.     The '514 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 *et seq.*, 101, 102, 103, 112 and 132.

79.     As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

80.     A judicial declaration is necessary and appropriate so that Intel may ascertain its rights regarding the '514 patent.

## COUNT XIV - DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO. 6,804,211

81.     Intel repeats and realleges the allegations in paragraphs 1-80 as though fully set forth herein.

82.     Intel has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '211 patent.

83.     As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

84.     A judicial declaration is necessary and appropriate so that Intel may ascertain its rights regarding the '211 patent.

## COUNT XV - DECLARATION OF INVALIDITY OF U.S. PATENT NO. 6,804,211

85.     Intel repeats and realleges the allegations in paragraphs 1-84 as though fully set forth herein.

86.     The '211 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 *et seq.*, 101, 102, 103, 112 and 132.

87.     As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

88.     A judicial declaration is necessary and appropriate so that Intel may ascertain its

1    rights regarding the '211 patent.

2    **COUNT XVI - DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO. 6,925,068**

3          89.    Intel repeats and realleges the allegations in paragraphs 1-88 as though fully set forth
4    herein.

5          90.    Intel has not infringed and does not infringe, directly or indirectly, any valid and
6    enforceable claim of the '068 patent.

7          91.    As a result of the acts described in the foregoing paragraphs, there exists a substantial
8    controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

9          92.    A judicial declaration is necessary and appropriate so that Intel may ascertain its
10   rights regarding the '068 patent.

11   **COUNT XVII - DECLARATION OF INVALIDITY OF U.S. PATENT NO. 6,925,068**

12         93.    Intel repeats and realleges the allegations in paragraphs 1-92 as though fully set forth
13   herein.

14         94.    The '068 patent is invalid for failure to meet the conditions of patentability and/or
15   otherwise comply with one or more of 35 U.S.C. §§ 100 *et seq.*, 101, 102, 103, 112 and 132.

16         95.    As a result of the acts described in the foregoing paragraphs, there exists a substantial
17   controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

18         96.    A judicial declaration is necessary and appropriate so that Intel may ascertain its
19   rights regarding the '068 patent.

20   **COUNT XVIII - DECLARATION OF UNENFORCEABILITY OF U.S. PATENT NO.**
21   **6,925,068**

22         97.    Intel repeats and realleges the allegations in paragraphs 1-96 as though fully set forth
23   herein.

24         98.    The '068 patent is unenforceable, including for failure to comply with 37 C.F.R.
25   § 1.321.

26         99.    As a result of the acts described in the foregoing paragraphs, there exists a substantial
27   controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

28         100.   A judicial declaration is necessary and appropriate so that Intel may ascertain its

1  rights regarding the '068 patent.

2  **COUNT XIX - DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO. 6,944,188**

3      101.    Intel repeats and realleges the allegations in paragraphs 1-100 as though fully set
4  forth herein.

5      102.    Intel has not infringed and does not infringe, directly or indirectly, any valid and
6  enforceable claim of the '188 patent.

7      103.    As a result of the acts described in the foregoing paragraphs, there exists a substantial
8  controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

9      104.    A judicial declaration is necessary and appropriate so that Intel may ascertain its
10  rights regarding the '188 patent.

11  **COUNT XX - DECLARATION OF INVALIDITY OF U.S. PATENT NO. 6,944,188**

12      105.    Intel repeats and realleges the allegations in paragraphs 1-104 as though fully set
13  forth herein.

14      106.    The '188 patent is invalid for failure to meet the conditions of patentability and/or
15  otherwise comply with one or more of 35 U.S.C. §§ 100 *et seq.*, 101, 102, 103, 112 and 132.

16      107.    As a result of the acts described in the foregoing paragraphs, there exists a substantial
17  controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

18      108.    A judicial declaration is necessary and appropriate so that Intel may ascertain its
19  rights regarding the '188 patent.

20  **COUNT XXI - DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO. 6,956,834**

21      109.    Intel repeats and realleges the allegations in paragraphs 1-108 as though fully set
22  forth herein.

23      110.    Intel has not infringed and does not infringe, directly or indirectly, any valid and
24  enforceable claim of the '834 patent.

25      111.    As a result of the acts described in the foregoing paragraphs, there exists a substantial
26  controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

27      112.    A judicial declaration is necessary and appropriate so that Intel may ascertain its
28  rights regarding the '834 patent.

## COUNT XXII - DECLARATION OF INVALIDITY OF U.S. PATENT NO. 6,956,834

113.    Intel repeats and realleges the allegations in paragraphs 1-112 as though fully set forth herein.

114.    The '834 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 *et seq.*, 101, 102, 103, 112 and 132.

115.    As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

116.    A judicial declaration is necessary and appropriate so that Intel may ascertain its rights regarding the '834 patent.

## COUNT XXIII - DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO. 6,963,617

117.    Intel repeats and realleges the allegations in paragraphs 1-116 as though fully set forth herein.

118.    Intel has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '617 patent.

119.    As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

120.    A judicial declaration is necessary and appropriate so that Intel may ascertain its rights regarding the '617 patent.

## COUNT XXIV - DECLARATION OF INVALIDITY OF U.S. PATENT NO. 6,963,617

121.    Intel repeats and realleges the allegations in paragraphs 1-120 as though fully set forth herein.

122.    The '617 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 *et seq.*, 101, 102, 103, 112 and 132.

123.    As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

124.    A judicial declaration is necessary and appropriate so that Intel may ascertain its rights regarding the '617 patent.

**COUNT XXV - DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO. 7,006,530**

125. Intel repeats and realleges the allegations in paragraphs 1-124 as though fully set forth herein.

126. Intel has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '530 patent.

127. As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

128. A judicial declaration is necessary and appropriate so that Intel may ascertain its rights regarding the '530 patent.

**COUNT XXVI - DECLARATION OF INVALIDITY OF U.S. PATENT NO. 7006,530**

129. Intel repeats and realleges the allegations in paragraphs 1-128 as though fully set forth herein.

130. The '530 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 *et seq.*, 101, 102, 103, 112 and 132.

131. As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

132. A judicial declaration is necessary and appropriate so that Intel may ascertain its rights regarding the '530 patent.

**COUNT XXVII - DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO. 7,023,798**

133. Intel repeats and realleges the allegations in paragraphs 1-132 as though fully set forth herein.

134. Intel has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '798 patent.

135. As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

136. A judicial declaration is necessary and appropriate so that Intel may ascertain its

1  rights regarding the '798 patent.

2  **COUNT XXVIII - DECLARATION OF INVALIDITY OF U.S. PATENT NO. 7,023,798**

3      137.    Intel repeats and realleges the allegations in paragraphs 1-136 as though fully set

4  forth herein.

5      138.    The '798 patent is invalid for failure to meet the conditions of patentability and/or

6  otherwise comply with one or more of 35 U.S.C. §§ 100 *et seq.*, 101, 102, 103, 112 and 132.

7      139.    As a result of the acts described in the foregoing paragraphs, there exists a substantial

8  controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

9      140.    A judicial declaration is necessary and appropriate so that Intel may ascertain its

10  rights regarding the '798 patent.

11  **COUNT XXIX - DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO.
12                                              7,177,598**

13      141.    Intel repeats and realleges the allegations in paragraphs 1-140 as though fully set

14  forth herein.

15      142.    Intel has not infringed and does not infringe, directly or indirectly, any valid and

16  enforceable claim of the '598 patent.

17      143.    As a result of the acts described in the foregoing paragraphs, there exists a substantial

18  controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

19      144.    A judicial declaration is necessary and appropriate so that Intel may ascertain its

20  rights regarding the '598 patent.

21  **COUNT XXX - DECLARATION OF INVALIDITY OF U.S. PATENT NO. 7,177,598**

22      145.    Intel repeats and realleges the allegations in paragraphs 1-144 as though fully set

23  forth herein.

24      146.    The '598 patent is invalid for failure to meet the conditions of patentability and/or

25  otherwise comply with one or more of 35 U.S.C. §§ 100 *et seq.*, 101, 102, 103, 112 and 132.

26      147.    As a result of the acts described in the foregoing paragraphs, there exists a substantial

27  controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

28      148.    A judicial declaration is necessary and appropriate so that Intel may ascertain its

rights regarding the '598 patent.

## COUNT XXXI - DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO. 7,197,022

149.   Intel repeats and realleges the allegations in paragraphs 1-148 as though fully set forth herein.

150.   Intel has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '022 patent.

151.   As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

152.   A judicial declaration is necessary and appropriate so that Intel may ascertain its rights regarding the '022 patent.

## COUNT XXXII - DECLARATION OF INVALIDITY OF U.S. PATENT NO. 7,197,022

153.   Intel repeats and realleges the allegations in paragraphs 1-152 as though fully set forth herein.

154.   The '022 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 *et seq.*, 101, 102, 103, 112 and 132.

155.   As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

156.   A judicial declaration is necessary and appropriate so that Intel may ascertain its rights regarding the '022 patent.

## COUNT XXXIII - DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO. 7,289,467

157.   Intel repeats and realleges the allegations in paragraphs 1-156 as though fully set forth herein.

158.   Intel has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '467 patent.

159.   As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

160.   A judicial declaration is necessary and appropriate so that Intel may ascertain its

1   rights regarding the '467 patent.

2   **COUNT XXXIV - DECLARATION OF INVALIDITY OF U.S. PATENT NO. 7,289,467**

3       161.   Intel repeats and realleges the allegations in paragraphs 1-160 as though fully set

4   forth herein.

5       162.   The '467 patent is invalid for failure to meet the conditions of patentability and/or

6   otherwise comply with one or more of 35 U.S.C. §§ 100 *et seq.*, 101, 102, 103, 112 and 132.

7       163.   As a result of the acts described in the foregoing paragraphs, there exists a substantial

8   controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

9       164.   A judicial declaration is necessary and appropriate so that Intel may ascertain its

10  rights regarding the '467 patent.

11  **COUNT XXXV - DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO.**

12  **7,317,704**

13      165.   Intel repeats and realleges the allegations in paragraphs 1-164 as though fully set

14  forth herein.

15      166.   Intel has not infringed and does not infringe, directly or indirectly, any valid and

16  enforceable claim of the '704 patent.

17      167.   As a result of the acts described in the foregoing paragraphs, there exists a substantial

18  controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

19      168.   A judicial declaration is necessary and appropriate so that Intel may ascertain its

20  rights regarding the '704 patent.

21  **COUNT XXXVI - DECLARATION OF INVALIDITY OF U.S. PATENT NO. 7,317,704**

22      169.   Intel repeats and realleges the allegations in paragraphs 1-168 as though fully set

23  forth herein.

24      170.   The '704 patent is invalid for failure to meet the conditions of patentability and/or

25  otherwise comply with one or more of 35 U.S.C. §§ 100 *et seq.*, 101, 102, 103, 112 and 132.

26      171.   As a result of the acts described in the foregoing paragraphs, there exists a substantial

27  controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

28      172.   A judicial declaration is necessary and appropriate so that Intel may ascertain its

COMPLAINT

-17-

rights regarding the '704 patent.

## COUNT XXXVII - DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO. 7,379,441

173.    Intel repeats and realleges the allegations in paragraphs 1-172 as though fully set forth herein.

174.    Intel has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '441 patent.

175.    As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

176.    A judicial declaration is necessary and appropriate so that Intel may ascertain its rights regarding the '441 patent.

## COUNT XXXVIII - DECLARATION OF INVALIDITY OF U.S. PATENT NO. 7,379,441

177.    Intel repeats and realleges the allegations in paragraphs 1-176 as though fully set forth herein.

178.    The '441 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 *et seq.*, 101, 102, 103, 112 and 132.

179.    As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

180.    A judicial declaration is necessary and appropriate so that Intel may ascertain its rights regarding the '441 patent.

### PRAYER FOR RELIEF

WHEREFORE, plaintiff Intel respectfully requests that judgment be entered in favor of Intel and prays that the Court grant the following relief to Intel:

A.    A declaration that Intel has not infringed, either directly or indirectly, any valid or enforceable claim of the Patents-in-Suit;

B.    A declaration that the Patents-in-Suit are invalid;

C.    A declaration that the '068 and '759 patents are unenforceable;

D.    An order declaring that Intel is a prevailing party and that this is an exceptional case,

1  awarding Intel its costs, expenses, disbursements and reasonable attorney fees under 35 U.S.C. § 285

2  and all other applicable statutes, rules and common law; and

3      E.    Such other and further relief as this Court may deem just and proper.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues and claims so triable.

DATED: September **30**, 2008

John Desmarais (*to be admitted pro hac vice*)
jdesmarais@kirkland.com
Gregory S. Arovas (*to be admitted pro hac vice*)
garovas@kirkland.com
KIRKLAND & ELLIS LLP
153 East 53rd Street
New York, New York  10022-4611
Telephone:   (212) 446-4800
Facsimile:   (212) 446-4900

Christian Chadd Taylor (S.B.N. 237872)
ctaylor@kirkland.com
Adam R. Alper (S.B.N. 196834)
aalper@kirkland.com
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, California  94104-1501
Telephone:   (415) 439-1400
Facsimile:   (415) 439-1500

Attorneys for Plaintiff INTEL CORPORATION

COMPLAINT

-19-